NO. 07-09-00008-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



MAY
11, 2010

 



 

IN RE R. WAYNE JOHNSON, RELATOR



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Relator R. Wayne Johnson
seeks a writ of mandamus directed at respondent, the Honorable William B.
Smith, Judge of the 84th District Court of Hutchinson County.  Relator=s petition asks
that we direct Judge Smith to rescind an order prohibiting relator’s
civil suit from proceeding.[1]  We will deny relator’s
petition.

To be entitled to
mandamus relief in a circumstance like this, a relator
must show that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal.  In re McAllen Medical Center Inc., 275
S.W.3d 458, 462 (Tex. 2008), citing In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135-36 (Tex. 2004).[2]      

Relator has filed a
number of petitions seeking writs of mandamus from this court in recent
years.  As we have noted in previous
opinions addressing his petitions, relator has been
declared a vexatious litigant under Chapter 11 of the Civil Practice and
Remedies Code, and the district court of Bee County, Texas, issued an order
requiring permission of a local administrative judge for
suits filed by relator. See Tex. Civ. Prac. & Rem. Code Ann.
§§11.101 et seq. (Vernon 2002); In re R. Wayne Johnson, No.
07-09-0035-CV, 2009 Tex. App. LEXIS 6831 (Tex.App.--Amarillo Aug. 27, 2009, orig. proceeding); In re R. Wayne Johnson, No. 07-07-0431-CV, 2009 Tex. App. LEXIS 5795 (Tex.App.--Amarillo 2009 July 27, 2009, orig. proceeding); In re R.
Wayne Johnson, No. 07-07-0245-CV, 2008 Tex. App.
LEXIS 5110 (Tex.App.--Amarillo
2008 July 9, 2008, orig. proceeding). The documents relator has filed with
his current mandamus petition suggest relator’s
vexatious litigant status was the basis for Judge Smith’s order.[3]
 Nothing in relator’s
petition indicates he obtained, or even requested, permission of the local
administrative judge to file his civil suit.  


In support of his
mandamus petition, relator reiterates contentions he
previously has made in this court, and we previously have rejected, and we see
nothing to be gained by extended discussion of them here.  He contends his due process rights were
violated because Judge Smith did not hold a hearing before entering the order.  We addressed the same contention in In re R. Wayne Johnson, No. 07-09-0035-CV,
2009 Tex.App. LEXIS 6831(Tex.App.—Amarillo
Aug. 27 2009, orig. proceeding) and we reject it again here.  Relator also here
continues to assert constitutional challenges to Chapter 11 that we previously
have rejected, and do so again. In re R. Wayne Johnson, 07-07-0245-CV, 2008 Tex.App.
LEXIS 5110 (Tex.App.—Amarillo July 9, 2008, orig.
proceeding).  See also Johnson v. Sloan,
No. 08-09-00077-CV, 2010 Tex.App. LEXIS
2049 (Tex.App.—El Paso March 24, 2010, no pet.)
(also rejecting a due process claim made by relator on the dismissal of his civil suit under Chapter
11).  Finding relator
has not demonstrated Judge Smith abused his discretion by the issuance of the
order complained of, we deny the petition for writ of mandamus.        

                                                                                                            

Per Curiam

 

 

 

            








 











[1]
Relator’s civil suit, which he says was filed against
certain prison officials, was Cause No. 38,368 in the 84th Judicial
District Court, Hutchinson County.       





[2]
The mandamus record must include every
document that is material to the claim for relief and that was filed in the
underlying proceeding.  Tex. R. App. P.
52.7.  Here, the record properly
submitted by relator includes only the trial court
clerk=s notice pursuant to Texas Rule of Civil Procedure
306a(3) of the court’s order, and correspondence from the trial court clerk to relator indicating the clerk’s inability to file his
documents without permission of the administrative judge.  To the extent feasible, we will address the
merits of the claims relator makes in his petition despite the deficiencies in the
mandamus record.         

 





[3]
Although we agree with relator’s suggestion that Chapter 11 formed the basis for
Judge Smith’s order, we note that Chapter 14 of the Civil Practice and Remedies
Code also has application to relator’s civil suit
because he is an inmate of the Texas Department of Criminal Justice and asserts
his inability to pay costs.  See Tex.
Civ. Prac. & Rem. Code Ann. §14.002 (Vernon 2002)
(setting out scope of chapter 14).